***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS JAMES CLAUSO,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JUDGE SOLOMON, et al.,<br><br>　　　　　　　Defendants. | Civil Action No.: 14-5280 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge**

### I.　INTRODUCTION

*Pro se* Plaintiff Thomas James Clauso ("Plaintiff"), a convicted state prisoner confined at the East Jersey State Prison in Rahway, New Jersey, files the instant Complaint pursuant to 42 U.S.C. § 1983, alleging that various defendants, either individually or in concert, violated Plaintiff's constitutional rights by wrongfully convicting him of state crimes. Presently before the Court are Motions to Dismiss filed by various defendants. (ECF Nos. 27, 28, 29, 30.) The Court also must screen the Complaint pursuant to 28 U.S.C. § 1915A(a) because Plaintiff is a prisoner seeking redress from government officials. For reasons stated below, the Court dismisses the Complaint under § 1915A screening, and dismisses the Motions to Dismiss as moot.

### II.　FACTUAL BACKGROUND

Plaintiff was convicted in 1988 in a jury trial by the State of New Jersey of attempted murder, unlawful possession of a handgun, possession of a weapon for an unlawful purpose, and

aggravated assault.[1] Plaintiff was sentenced to an extended term of life in prison with a 25-year period of parole ineligibility for attempted murder, a consecutive five-year term, with a two-and-one-half-year period of parole ineligibility, for aggravated assault, and concurrent five and ten-year terms for the weapons charges.

In the instant Complaint, Plaintiff alleges claims against a long list of defendants who, Plaintiff asserts, either acted individually or conspired to illegally obtain the aforementioned conviction. Plaintiff further asserts that these defendants wrongfully imprisoned Plaintiff in violation of his constitutional rights under the Bill of Rights, (ECF No. 1 at 3), the Fourteenth Amendment, *id.* at 7, and the Thirteenth Amendment, *id.* at 8. Plaintiff's allegations are broad, asserting violations by state judges, prosecutors, judicial staff, members of the New Jersey Parole Board and Department of Corrections, certain private citizens, and even the Courier Post Newspaper. (See ECF No. 1 at 1-2.) Yet, despite Plaintiff's assertions of wrongful conviction, the Complaint does not allege that Plaintiff's conviction has been overturned or expunged; indeed, it appears from the Complaint that Plaintiff is still serving his sentence in state prison. The Complaint seeks only monetary damages. *See id.* at 11.

## III.   STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon

---

[1] Because the Complaint does not contain details of Plaintiff's state conviction, the Court relies on its prior findings of fact in its October 31, 2005 Opinion denying Plaintiff's petition for a writ of habeas corpus, except where explicitly cited otherwise. *See Clauso v. Hendricks*, No. 03-3090, ECF No. 17 (D.N.J. decided on Oct. 31, 2005).

which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence

3

of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment").

## IV. DISCUSSION

A plaintiff can pursue a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

The Complaint is difficult to comprehend, but it appears to the Court that all of the § 1983 claims asserted in the Complaint against all defendants arise out of Plaintiff's state conviction. Plaintiff asserts in the Complaint that all of the defendants, either by their individual actions or by conspiracy, caused Plaintiff to be unconstitutionally convicted of state crimes. In the four Motions to Dismiss, various defendants raised several affirmative defenses, including, among others: statute of limitations, immunity, and waiver of claims by Plaintiff in a prior settlement agreement. However, the Court need not address those defenses here because the Court finds that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

4

> whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)). In other words, "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Id.

Here, all of Plaintiff's claims are tied to his state conviction. For example, Plaintiff alleges that certain defendants "conspired together" to "cover up what took place in 1988 at my trial," (ECF No. 1 at 5); "the Parole Board . . . conspired to hold me in prison with the prosecutor's office when there was no murder," *Id.*; "the Dept. of Corrections and the Parole Board have held me in lock-up . . . for over 26 years because I refuse to accept this illegal conviction," *Id.*; "I have repeatedly shown the committee the lies [and] illegal acts by the judge in Camden County [and] the county prosecutor's office, and they have done nothing except promote the continued conspiracy of named defendants." *Id.* For any of Plaintiff's claims to succeed, it would necessarily demonstrate the invalidity of his conviction and sentence, but nowhere in the Complaint does Plaintiff allege that his conviction has been overturned or

5

expunged. Indeed, this Court denied Plaintiff's petition for a writ of habeas corpus in 2005. *See Clauso v. Hendricks*, No. 03-3090 (D.N.J. filed on June 26, 2003; denied on Oct. 31, 2005). As such, Plaintiff's claims are barred by *Heck*.[2]

## V. CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

                                                                                                 _____
                                                                                                 **Claire C. Cecchi, U.S.D.J.**

Dated: June 22, 2015

---

[2] As the Court is dismissing the Complaint on § 1915A screening, the four Motions to Dismiss will be dismissed as moot.