<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| THOMAS JAMES CLAUSO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 14-5280 (JMV) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| JUDGE SOLOMON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

APPEARANCES:

Thomas James Clauso
East Jersey State Prison
1100 Woodbridge Road
Rahway, NJ 07065
    Petitioner, *pro se*

Thomas J. Cafferty, Esq.
Gibbons, P.C.
One Gateway Center
Newark, N.J. 07102
    On behalf of Defendant Courier-Post

**JOHN MICHAEL VAZQUEZ**, United States District Judge

    On August 22, 2014, Plaintiff, a prisoner confined in East Jersey State Prison, initiated this civil rights action related to his 1988 state court conviction in Camden, New Jersey. (ECF No. 1.) On June 22, 2015, the case was dismissed without prejudice because Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF Nos. 42, 43.) On May 27, 2016, Plaintiff filed an amended complaint. (Am. Compl., ECF No. 61.) This matter comes before the

Court upon the motion to dismiss the amended complaint with prejudice as to Defendant Courier-Post.[1] (ECF No. 63.)

I.      THE AMENDED COMPLAINT

Plaintiff purports to incorporate his original complaint into his amended complaint. (ECF No. 61 at 1.) Plaintiff's original complaint, brought under 42 U.S.C. § 1983, was dismissed as barred by *Heck v. Humphrey* (ECF Nos. 42, 43), and Plaintiff has not cured the defect by proving "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. Therefore, the Court strikes the following sentence from the amended complaint, "Plaintiff incorporates the original complaint with this complaint as amended." (ECF No. 61 at 1.) The Court will review the remainder of the amended complaint to determine if Plaintiff has stated any claims that are not barred by *Heck*.

Plaintiff named the Courier-Post Newspaper as a defendant in the amended complaint but there are no specific allegations against the Courier-Post. (ECF No. 61.) The gravamen of Plaintiff's amended complaint is that Judge Fluharty, who presided over Plaintiff's state court criminal trial, violated Plaintiff's right to due process by not disclosing an alleged conflict of interest, that in 1972, he handled the adoption of Plaintiff's daughter to the judge's sister. (*Id.* at 2.) Plaintiff did not learn of this conflict until 2012, and it formed the basis of his request for post-conviction relief, which remains pending. (*Id.* at 3-4.)

---

[1] In the original complaint, Plaintiff identified the defendant as Courier-Post Newspaper Staff Editor. In the amended complaint, he refers to the defendant as Courier-Post, as the Court will do here.

Plaintiff further alleged that Judge Solomon, who held a hearing in Plaintiff's state post-conviction proceeding, failed to disclose that he had supervised Judge Fluharty's wife, Joan Spadea, when Solomon was a prosecutor in 1996-2002. (*Id.* at 3.) Plaintiff alleged that Spadea "saw to it that my 3rd degree and fourth-degree assault charges went to a 12 count indictment which included a charge for attempted murder . . ." (*Id.*)

Plaintiff makes the following statement at the beginning of the Complaint:

> [a]ll the named persons above have violated plaintiff's 14th Amendment rights and due process by the perversion of lawfully initiated process to illegitimate ends. These officials, judges, prosecutors, used the process to manipulate the judicial process to serve themselves and their families.

(ECF No. 61 at 1.) He later describes how the newspapers were involved:

> Stillwell [the prosecutor] told [Judge] Fluharty and the newspapers I escaped from Trenton prison. He said that I was going to be charged with conspiracy. Clearly, he had an "axe to grind" I was not charged with anything yet I was sentenced for it by Judge Fluharty and to this day it is being held against me.

(ECF No. 61 at 7.)

II.   DISCUSSION

    A.   <u>Standard of Review</u>

Courts must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D.

3

Rosenbloom, *Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York*, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint for failure to state a claim upon which relief may be granted. For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. A complaint that only pleads facts that are consistent with a defendant's liability, however, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 786.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, therefore, they are not entitled to an assumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." Fowler, 578 F.3d at 210. If a complaint can be remedied by an amendment, a district court may not dismiss the

4

complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

    B.    <u>Analysis</u>

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"[P]rivate parties acting in a conspiracy with a state official to deprive others of constitutional rights are also acting "under color" of state law." *Melo v. Hafer*, 912 F.2d 628, 638 (3d Cir. 1990) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)).

Defendant Courier-post argues the amended complaint contains only a vague assertion that all of the defendants violated his constitutional rights, and it fails to state a claim even under the short and plain statement requirement of Federal Rule of Civil Procedure 8. (ECF No. 63-1 at 9.) Liberally construing the amended complaint, it appears that Plaintiff seeks to hold the Courier-Post liable under 42 U.S.C. § 1983 for conspiring to violate his constitutional right to due process by publishing Prosecutor Stillwell's statement that Plaintiff escaped from Trenton Prison and would be charged with conspiracy. Plaintiff alleged he was sentenced for conspiracy and/or escape without being charged with such a crime. Plaintiff has not pled sufficient facts to establish that the Courier-Post engaged in a conspiracy for the purpose of sentencing him for a crime he was not charged with committing. *See Goodson v. Maggi*, 797 F.Supp.2d 624, 638 (E.D. Pa. 2011) ("private action may be converted into state action if a state actor conspires with

5

a private individual to deprive a plaintiff of his constitutional rights . . . the allegations of a complaint, however, must state a claim for conspiracy) (citing Dennis, 449 U.S. at 28-29)).

III. CONCLUSION

For the reasons discussed above, the Court grants Defendant Courier-Post's motion to dismiss the amended complaint. Although it seems unlikely Plaintiff will be able to cure the defect in this claim, dismissal is without prejudice. If Plaintiff decides to file another amended complaint against Defendant Courier-Post and again fails to meet the appropriate pleading standard, the matter will be dismissed with prejudice as to Defendant Courier-Post.

An appropriate order follows.

DATED: _February 1, 2017

                                                s/ John Michael Vazquez
                                                JOHN MICHAEL VAZQUEZ
                                                United States District Judge